IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY A. MACKOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.  19-221 |
| ) | |
| ) | |
| ANDREW M. SAUL,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

**MEMORANDUM OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 20).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 21).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 8) and denying Defendant's Motion for Summary Judgment. (ECF No. 20).

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act.  Administrative Law Judge ("ALJ"), Kelli J. Kleeb, held a video hearing on March 2, 2018. (ECF No. 6-2, pp. 26-63).  On August 3, 2018, the ALJ found that Plaintiff was not disabled under the Act.  (ECF No. 6-2, pp. 13-21).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 20).  The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

Plaintiff, *inter alia,* argues that the ALJ was an unconstitutionally appointed officer, pursuant to *Lucia v. S.E.C.,* 138 S. Ct. 2044 (2018).[2] This issue was stayed pending the Court of Appeals' decision in several cases, including *Cirko v. Berryhill*, 948 F. 3d 148 (3d Cir. 2020). (ECF No. 19). The stay was continued pending the exhaustion of pertinent appellate proceedings. *Id.* Presently, Defendant has filed a Status Report, stating that it will not seek Supreme Court review of *Cirko*, and disavowing an argument that *Cirko* is inapplicable here. (ECF No. 22, ¶3). As a result, I am lifting the stay on this issue *sua sponte*.

In *Lucia*, the Supreme Court held that ALJs of the Securities and Exchange Commission must be appointed by the President, a court of law, or the Department head. *Lucia*, 138 S. Ct. at 2053. In *Cirko*, our Court of Appeals determined that a Social Security claimant is not required to exhaust her administrative remedies before raising an appointments clause issue with the District Court. *Cirko,* 948 F. 3d at 152, 155. Pursuant to *Lucia* and *Cirko,* the Court concludes that Plaintiff is entitled to have all claims adjudicated by a constitutionally appointed ALJ other than the ALJ who presided over the prior hearing. *See id*. at 159-60; *Bauer v. Saul*, No. 19-2563, 2020 WL 1955595, at *2 (E.D. Pa. Apr. 23, 2020). Consequently, remand is warranted.[3]

An appropriate order shall follow.

---

[2] Following *Lucia*, on July 16, 2018, the Acting Commissioner of Social Security appointed Defendant's ALJs in accordance with the Appointments Clause, United States Constitution Art. II, § 2, cl. 2. This action had no retroactive effect. *Flynn v. Saul*, No. 19-0058, 2020 WL 509164, at *2 (E.D. Pa. Jan. 30, 2020).

[3] Additionally, Plaintiff submits that the ALJ erred in arriving at her residual functional capacity (RFC) as it relates to her left-hand impairment and her lumbar spine because the ALJ "failed to obtain any medical opinion regarding" the same. (ECF No. 10, p. 7). As a result, Plaintiff argues that remand is warranted. I need not address this issue, as the hearing on remand will be conducted *de novo. See, e.g., Bauer*, 2020 U.S. Dist. LEXIS 72011, at *4. Nonetheless, for clarity, I note that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986). While this is not a requirement, the ALJ must support his/her determination with substantial evidence.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY A. MACKOWSKI, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>ANDREW M. SAUL,[4] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No.  19-221 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 4th day of June, 2020, it is ordered that the stay regarding the appointment of the ALJ is lifted.

It is further ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is granted and Defendant's Motion for Summary Judgment (ECF No. 20) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.